# United States District Court

### District of Minnesota

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>**Jeffrey Howard Gibson** | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation)<br>Case Number: **Criminal 07-441 PAM**<br>USM Number: **13785-041**<br>Social Security Number:  **2802**<br>Date of Birth:  **1977**<br><br>**Douglas Olson**<br>Defendant's Attorney |

**THE DEFENDANT: Jeffrey Howard Gibson**

[**x**]   admitted guilt to violation of condition(s): **Mandatory Condition and Standard Conditions #2 and #11 and Special Condition J**  of the term of supervision.
[]   was found in violation of condition(s) after denial of guilt.
The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| Mandatory Condition | Arrest for Domestic Assault | 5/14/2009 |
| Standard Condition #2 | False Statements on monthly reports | 8/26/2009 |
| Standard Condition #11 | Failure to report arrest to probation officer | 8/20/2009 |
| Special Condition J | Failure to perform 120 hours of community service | 8/26/2009 |

The defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[]   The defendant has not violated condition(s)  and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

**October 20, 2009**
Date of Imposition of Judgment

s/Paul A. Magnuson
Signature of Judge

**PAUL A. MAGNUSON**, Senior United States District Judge
Name & Title of Judge

**October 20, 2009**
Date

AO 245D (Rev. 12/03)  Sheet 4 - Probation

DEFENDANT: JEFFREY HOWARD GIBSON
CASE NUMBER: CRIMINAL 07-441 PAM

# PROBATION

The defendant is hereby sentenced to continue term of probation with **all terms and conditions as previously ordered, with additional special conditions imposed by the court.**

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant shall submit one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

[ ]  The above drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[ ]  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[ ]  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]  The defendant shall participate in an approved rehabilitation program for domestic violence. (Check, if applicable.)

If this Judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this Court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245D (Rev. 12/03) Sheet 4A - Probation

DEFENDANT: JEFFREY HOWARD GIBSON
CASE NUMBER: CRIMINAL 07-441 PAM

## ADDITIONAL SPECIAL PROBATION TERMS AND CONDITIONS

a    The defendant shall not commit any crimes, federal, state, or local.

b    The defendant shall abide all mandatory and standard conditions of probation recommended by the Sentencing Commission.

c    The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

d    The defendant shall reside for a period of at least 120 days but not more than 180 days in a residential re-entry center as approved by the probation officer and shall observe the rules of that facility. Prior to his release fro the residential re-entry center, the defendant shall obtain and maintain employment, complete a domestic violence program approved by the probation officer and make regular restitution payments. **The defendant shall surrender on or before November 23, 2009 at or before 11:00 am to the U.S. Marshal or such other location as designated.**

e    The defendant shall abstain from the use of alcohol and other intoxicants.

f    The defendant shall participate in a program for alcohol abuse as approved by the probation officer. That program may include testing and inpatient or outpatient treatment, counseling, or a support group. Further, the defendant shall contribute to the costs of such treatment as determined by the Probation Office Co-Payment Program not to exceed the total cost of such treatment.

g    The defendant shall participate in a psychological/psychiatric counseling or treatment program, as approved by the probation officer. Further, the defendant shall contribute to the costs of such treatment as determined by the Probation Office Co-Payment Program not to exceed the total cost of treatment.

h    The defendant shall take any prescribed medications as directed by the medical provider.

i    The defendant shall successfully complete a domestic violence treatment program, as approved by the probation officer. Further, the defendant shall contribute to the costs of such treatment as determined by the Probation Office Co-Payment Program not to exceed the total cost of treatment.

j    The defendant shall not possess or use a computer or have access to any on-line service without the prior approval of the U.S. Probation Office. The defendant shall identify all compute4 systems, Internet-capable devices, and similar memory and electronic devices to which the defendant has access, and allow installation of a computer and Internet monitoring program. Monitoring may include random examinations of computer systems along with Internet, electronic, and media storage devices under the defendant's control. The computer system devices may be removed for a more thorough examination, if necessary. The defendant shall contribute to the cost of such monitoring services, based on the defendant's ability to pay, as deemed appropriate by the Probation Office.